IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARES DEFENSE SYSTEMS, INC.,
A Virginia Corporation,

    Plaintiff,

v.                                Case No.: 6:14-cv-528-ORL-37-GJK

SMITH & WESSON CORP.,
A Delaware Corporation,

                                       JURY TRIAL REQUESTED

    Defendant.
_____/

## COMPLAINT

Plaintiff Ares Defense Systems, Inc. ("Ares") through its undersigned counsel, for its Complaint against Defendant Smith & Wesson Corp. ("S&W"), states as follows:

### Parties, Jurisdiction, and Venue

1.    Plaintiff Ares is a Virginia Corporation with its principal place of business at 295 North Drive, Suite H, Melbourne, Florida 32934.

2.    Upon information and belief, Defendant S&W is a Delaware corporation having its principal place of business at 2100 Roosevelt Avenue, Springfield, Massachusetts 01104-1606.

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this case arises under the Lanham Act 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over the Florida State Law claims pursuant to 28 U.S.C. §1367 as the claims are substantially related to and arise out of the same common facts and are therefore subject to applicable principals of supplemental jurisdiction.

4. S&W is subject to personal jurisdiction in this district because it has engaged in substantial and not isolated activity and maintains continuous and systematic business contacts in this Judicial District and is committing the acts complained of in this Judicial District.

5. Venue properly lies within this Judicial District pursuant to 28 U.S.C. §1391 because S&W is committing the tortious acts within this Judicial District and Division and the causes of action arose in this Judicial District and Division.

## The Respective Marks of the Parties

6. Ares has designed, manufactured and sold a variety of firearms since 2003, and has sold firearms under the mark **MCR** in interstate commerce at least as early as August 17, 2012.

7. On October 10, 2013, Ares filed U.S. Trademark Application Serial No. 86/088629 (the "Ares **MCR** Application") for the mark **MCR** as specified for use on "firearms" (the "Ares **MCR** mark"). A true and correct copy of the status report from the United States Patent and Trademark Office ("USPTO") for the Ares **MCR** Application and the application itself are attached hereto as composite Exhibit A.

8. S&W is a direct competitor of Ares, selling firearms and products related thereto.

9. Upon information and belief, S&W filed intent-to-use U.S. Trademark Application Serial No. 86/047710 (the "S&W **MCR** Application") for the mark **MCR** for use on protective coatings for firearms, gun barrels and gun parts, and handcuffs (the "S&W **MCR** mark"). A true and correct copy of the status report from the USPTO for

the S&W **MCR** application and the application itself are attached hereto as composite Exhibit B.

10. Upon further information and belief, S&W has began using the **MCR** mark in commerce after Ares' first use of the **MCR** mark and with knowledge of Ares' prior use of and rights in same.

11. S&W has been using the **MCR** mark without any license or authorization from Ares.

## COUNT I
## Trademark Infringement
## Pursuant to 15 U.S.C. §1125(a)

12. Ares restates the allegations in Paragraphs 1 through 11, which are incorporated herein by this reference.

13. By virtue of its use, Ares is the owner of, and has established valuable goodwill in, the Ares **MCR** mark as used in connection with firearms prior to S&W's adoption and use of the **MCR** mark. By virtue of its website advertisement and online sales of firearms bearing the mark **MCR**, Ares has common law trademark rights in the **MCR** mark throughout the United States.

14. The S&W **MCR** mark is confusingly similar to the Ares **MCR** mark. S&W's use of the **MCR** mark is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that S&W's products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Ares.

15. The products S&W offers under the **MCR** mark are related to the products that Ares offers under its **MCR** mark, and are marketed to the same type of consumers using the same channels of trade and methods of advertising as those of Ares.

16. Upon information and belief, by use of the **MCR** mark, S&W is consciously and deliberately seeking to capitalize on the goodwill and product quality associated with the Ares MCR mark, and intends to capitalize upon and profit from the consumer confusion created by its actions. As such, this is an exceptional case of trademark infringement.

17. The injury to Ares is irreparable. An award of monetary damages alone cannot fully compensate Ares for its injuries, and Ares lacks an adequate remedy at law.

18. S&W's conduct as described in the previous paragraphs constitutes trademark infringement.

19. Ares has been harmed by S&W's conduct as alleged above in an amount not yet known.

## COUNT II
### Trademark Infringement and Unfair Competition Under Florida Common Law

20. Ares restates the allegations in Paragraphs 1 through 17, which are incorporated herein by this reference.

21. S&W's acts as alleged herein constitute trademark infringement and unfair competition in violation of the common law of the State of Florida.

22. Upon information and belief, S&W's acts of unfair competition are willful and wanton, as well as intentional and malicious.

23. Ares has been harmed by S&W's conduct as alleged above in an amount not yet known.

WHEREFORE, Ares requests this Court to award the following relief in its favor against S&W:

a) A permanent injunction against the acts of trademark infringement and unfair competition by S&W complained of herein;

b) Ordering S&W to withdraw U.S. Trademark Application Serial No. 86/047710 and/or cancel any resulting registration(s);

c) An award of damages sufficient to compensate Ares for the injury it has suffered as a result of S&W's acts complained of herein;

d) An accounting and disgorgement of profits derived by S&W;

e) Treble damages and profits;

f) Prejudgment interest;

g) Reasonable attorney's fees, costs and expenses of this lawsuit;

h) Punitive damages;

i) Curative advertising;

j) Destruction of all of S&W's infringing articles and promotional materials bearing the infringing **MCR** mark; and

k) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Ares demands a jury trial on all issues so triable.

Respectfully submitted April 2, 2014.

_____
Stephen H. Luther
Florida Bar No. 528846
bgilchrist@addmg.com
Allison R. Imber
Florida Bar No. 44233
aimber@addmg.com
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida  32801-3791
Telephone:     407-841-2330
Facsimile:      407-841-2343

Counsel for Plaintiff
Ares Defense Systems, Inc.